| | |
|---|---|
| Marlonn Hill,<br>11 Banca Place,<br>Baltimore, MD 21221<br>     Plaintiff, | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE COUNTY<br><br>CASE NO.: |
| Michael W. Hill, Sr.<br>11 Banca Place,<br>Baltimore, MD 21220<br>     Plaintiff, | |
| v. | |
| Westminster/Westminster Management, LLC<br>National Registered Agent of Maryland<br>351 W Camden Street,<br>Baltimore, Maryland 21201,<br>     Defendant, | |
| Morningside Park Townhomes<br>c/o Morningside Park Holdings, LLC<br>CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 820,<br>Baltimore, MD 21202,<br>     Defendant, | |
| Westminster/Morningside Park<br>50 Hebron<br>Baltimore, MD 21221<br>     Defendant, | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW COMES**, Marlonn Hill and Michael W. Hill, Sr., (collectively "the Plaintiffs") who files this complaint against Westminster/Westminster Management, LLC. Morningside Park Holdings, LLC/ Morningside Park, Westminster/Morningside Park and ("collectively "the Defendants") and states the following:

### PARTIES AND JURISDICTION

The Plaintiff, Marlonn Hill is a citizen of Maryland residing at 11 Blanca, Baltimore, MD.

The Plaintiff, Michael W. Hill, Sr., is a citizen of Maryland residing at 11 Blanca, Baltimore, MD.

The Defendant Westminster/Westminster Management is foreign corporation incorporated in New Jersey and running a property management business in Baltimore County Maryland.

The Defendant, Morningside Park Holdings, LLC is a foreign corporation, incorporated in New York, properly registered with the State Department of Assessments and Taxation and owner of Morningside Park Townhomes.

Morningside Park Townhomes is an apartment complex doing business in Baltimore County, Maryland.

The Circuit Court has jurisdiction of this matter pursuant to Courts and Judicial Proceedings Code Ann. § 6-201(a).

## FACTS COMMON TO ALL COUNTS

1. The Plaintiff, Marlonn A. Hill, ("Ms. Hill") moved into Middlesex Townhomes located at 50 Hebron Drive, Essex, MD in March of 2012.

2. Ms. Hill renewed her lease in March of 2013 and March of 2014.

3. In or around March of 2014, Ms. Hill started a new job.

4. In or around April, 2014, the Plaintiff, Mr. Hill, moved in with his daughter. Mr. Hill is very ill. He suffered three heart attacks that led to two triple by-pass surgeries. This resulted in the placement of a pace maker. After surgery, Ms. Hill brought her father to her house to care for him post-surgery since his physical condition was very weak and the Mr. Hill's doctor recommended that during recovery that he stayed with someone else in case he suffered a relapse.

5. In July of 2014, Middlesex Townhomes was bought by Morningside Park Holdings, LLC ("Morningside Holdings"). Morningside Holdings changed the name of the apartment complex to Morningside Park Townhomes ("Morningside Park") on or around July or August of 2014. At that same time Morningside Park Holdings, LLC hired Westminster/Westminster Management ("Westminster") to manage the Townhome complex. A property management company deals

directly with prospects and tenants, advertises, collects rent, handles maintenance and repair issues, responds to tenant concerns, employs staff, contracts with third party vendors, file for nonpayment of rent and evicts tenants on behalf of the property owner.

6. A dispute arose in August 2014, between Ms. Hill and Westminster. Westminster failed to keep accurate payment records and did not properly credit a referral bonus fee to Ms. Hill's account. All discussions surrounding these issues were done with the Property Manager, Elida Bellance or the Assistant Property Manager, Jennifer Komorick. All efforts to resolve the issue by Ms. Hill and her father, Mr. Hill were met with belligerence and hostility.

7. Westminster sued Ms. Hill for non-payment of August rent in the District Court for Baltimore County. (Case No.2014080500040302). During the month of August, Westminster sent notices, letters and posted flyers on Ms. Hill's door demanding money. Ms. Hill paid August rent under protest since the payment dispute and credit had not been resolved. See Exhibit A.

8. Despite the fact that Ms. Hill paid August rent in full, Westminster sent her a notice in September stating that she still owed rent for August. The bookkeeping error demonstrated the accounting irregularities that surrounded the account. See Exhibit B.

9. Ms. Hill refused to pay the September 2014 rent until her issues regarding accounting irregularities and bonus credit were addressed. Instead of trying to resolve the issue, Westminster/Morningside Park filed suit against Ms. Hill for non-payment of September rent in the District Court for Baltimore County (Case No.:2014080600042780). See Exhibit C

10. Attempts to contact Westminster and Morningside Park resulted in the discovery of Westminster's status.[1] Westminster is a foreign corporation incorporated under the laws of New Jersey.[2]

---

[1] A business search of SDAT found that name **Morningside Park Townhomes** was not listed. A business search of SDAT found that the name **Morningside Park Apartments and Townhomes** was not listed. It was discovered that **Morningside Park Holdings, LLC** was the owner of Morningside Park and that it was a duly registered foreign corporation. A business search of SDAT found that the name of **Westminster** was not listed. A business search of

Westminster was duly registered as Westminster Management, LLC in Maryland until 2006. At that time the business entered into a forfeited status. Maryland Code §§ 7-202, 7-202.1 and 7-203 "require that foreign corporations register with the Maryland State Department of Assessments and Taxations before doing any interstate, foreign, or intrastate business in Maryland. Registration requires that the corporation have a resident agent in Maryland and that it certify to the Department the address of the corporation and the name and address of the resident agent." See *Hildreth v. Tidewater Equipment Company, Inc.*, 378 Md. 724, 838 A 2d 1204, 1206 (2003). Westminster Management, LLC did not have a registered agent and was conducting illegal business transactions under the name of Westminster or Westminster Management. Maryland law does not allow unregistered corporations doing business in Maryland from seeking relief in Maryland courts, the Court regarded this as "[t]he public policy against unregistered corporations using Maryland courts to protect their illegal business transactions". See *Hildreth v. Tidewater Equipment Co.* 378 Md. 724, 838 A 2d. 1204, 1210 (2003).

11. In or around September 2014, Ms. Hill notified Westminster and Morningside Holdings of Westminster's lack of standing to conduct business in Maryland or sue Maryland citizens in Maryland courts. *Price v. Upper Chesapeake Health Ventures*, 995 A.2d 1054, 1062 (Md. Ct. Spec. App. 2010) ("an LLC whose rights have been forfeited for tax failures still exists as an entity, but may only defend an action in court, not prosecute one"). The day of trial, Westminster/Morningside

---

SDAT did find a company named **Westminster Company**, but this company was an auto dealership which was formerly known as **Westminster Motor Company** and incorporated in 1939. A business search of SDAT was done on the name "Westminster Management". That search produced a company by the name of **Westminster Management, LLC**, which is a forfeited corporation with an address of 18 Columbia Tpke, Ste 20, Florham Park, NJ 07932. Westminster Management, LLC was forfeited in 2006

[2] Under Maryland Law, a foreign corporation is defined as a corporation, association, or joint-stock company organized under the laws of the United States, another state of the United States, a territory, possession or district of the United States, or a foreign company. "Md. Code Ann. Corps. & Assns § 1-101(1) (2014).

Park dismissed the September complaint prior to adjudication after being served and reading Ms. Hill's Notice of Intent to Defend and Motion to Dismiss. See Exhibit D.

12. After Westminster/Morningside Park dismissed its case, Westminster's Property Manager promised to review Ms. Hill's payment history, credit her account with a Bonus Referral Fee and notify Westminster of their illegal status. No further communication was made by the property manager until Ms. Hill contacted her asking about the results of her investigation. This is when the property manager demanded September rent in full and offered Ms. Hill a partial bonus credit. Ms. Hill declined and asked that Westminster's legal counsel contact her attorney.

13. Westminster/Morningside Park sued Ms. Hill in October of 2014. (Case No. 2014089580046207). During the month of October, Ms. Hill received demands for rent and notices for threatening eviction if the September and October rent was not paid. See Exhibit E.

14. Two days before trial, Westminster posted notice on Ms. Hill's door stating that she would be evicted from her home in two days. The Notice told Ms. Hill to panic because she, her father and her belongings were about to be set out in the street. Ms. Hill was panicked. Her father became ill and it was a struggle for him to attend the trial under the stress of the situation. See Exhibit F.

15. Then the day of trial, Westminster/Morningside Park dismissed its October complaint. Westminster and Morningside Park were again served with notice prior to it dismissal stating that Westminster could not sue in a Maryland court because it was not properly registered with SDAT. This however did not stop Westminster from demanding October rent after the hearing.

16. From September of 2014 to October of 2014, Westminster rebuffed all overtures of communication with Ms. Hill and continued in its attempt to collect a debt.

17. In December 2014, Westminster changed it tactics and sued Ms. Hill again under the name Morningside Park Holdings/Morningside Park for rent due for September, October, November, and December, 2014. The same employees of Westminster who had been at every previous hearing

representing Westminster/Morningside now represented Morningside Park Holdings/Morningside Park. These representatives had the audacity to argue that Westminster and Morningside Park Holdings were unaware of the problems regarding its lack of registration and inability to sue. The Court dismissed all counts except for December of 2014 count, stating that Westminster did not have legal standing to sue Ms. Hill for money in September, October and November of 2014. Westminster had registered with SDAT in or around November of 2014, but never notified Ms. Hill of the change in status.

18. As a result of Westminster's activities, Mr. Hill began losing his hair in clumps. The stress of the situation, the belligerence of Westminster employees and their refusal to review their accounting practices all contributed to Mr. Hill's physical problems. See Exhibit G.

19. Since Ms. Hill had started a new job, she was not entitled to paid time off. So every time she had to take off to deal with the Westminster situation she lost money. Stress affected her differently. She gained weight, became lethargic, nervous and angry. She had tried to address her grievances with Westminster, however Westminster acted as though her voice did not have to be heard and that it did not have any obligation to communicate or redress her grievances.

20. Both Plaintiffs endured many sleepless nights worrying about whether they would be evicted at any moment.

21. Westminster breached its duty to the Citizens of Maryland and the tenants of Morningside Park Townhomes by failing to properly register with SDAT to conduct business in the State. In 2006, Westminster Management, LLC entered into forfeited status and up until 2014 never corrected their standing with the state. An unregistered corporation should not have the ability to conduct illegal business activities in Maryland and use the Maryland courts to validate and enforce these activities. Westminster's duty is and was clear. By registering with the state, Westminster would demonstrate that the company wishes to maintain a responsible business profile in the State and

be accountable for their actions. Instead, Westminster's actions were a direct cause of Ms. Hill's loss of wages, Mr. Hill's loss of hair and both Plaintiffs' emotional and physical distress.

22. Morningside Park Holdings breached its duty to the tenants occupying its apartment complex by failing to ensure that the foreign corporation hired to manage its apartments was properly registered and qualified to do business with the state of Maryland. Despite notification of Westminster's status, Morningside Holdings permitted Westminster to continue the threatening and harassing tactics against Ms. Hill and joined each suit.

23. Plaintiffs contend that the Defendants are joint and severally liable for damages.

24. All Exhibits are incorporated by reference.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTIONS PRACTICES ACT (15 USC 1692e)

25. Paragraphs 1-23 is incorporated by reference.

26. The Defendants violated 15 USC 1692e § 807(5) of the Fair Debt Collection Practices Act and are liable for statutory damages in the amount of $1000, and actual damages for physical and intentional infliction of emotional distress in the amount of $50,000.

## COUNT II
## DEFENDANTS VIOLATED MARYLAND CONSUMER DEBT COLLECTION ACT
## (MD COMM. LAW § 14-201.)

27. Paragraphs 1-25 are incorporated by reference.

28. The Defendants violated the Maryland Consumer Debt Collection Act and are liable for statutory damages in the amount of $6,000, actual damages for physical and emotional distress in the amount of $50,000 and attorney fees and costs.

## COUNT III
## DEFENDANTS VIOLATED THE MARYLAND CONSUMER PROTECTION ACT
### (MD COMM. LAW § 13-301 et. seq.)

29. Paragraphs 1-28 is incorporated by reference.

30. The Defendants violated the Maryland Consumer Debt Collection Act and therefore the violation falls under the Maryland Consumer Protection Act. Md. Comm. Law Code Ann. § 13-301(14)(iii)

31. The Defendants are liable for statutory damages in the amount of $1,000, actual damages in the amount of $50,000 and attorney fees and costs.

## COUNT IV
## DEFENDANTS VIOLATED MARYLAND REAL PROPERTY §8-208.1(a)(1)(i).

32. Paragraphs 1-30 is incorporated by reference.

33. Westminster threatened the eviction of the Plaintiffs although Westminster had not satisfied Maryland state requirements to evict a tenant or had the capacity to maintain suit.

34. The Plaintiffs demand $50,000 in damages and attorney fees.

## COUNT V
## DEFENDANTS WERE NEGLIGENT IN THEIR CONDUCT

35. Paragraphs 1-30 are incorporated by reference.

36. The Defendants were negligent in their business practices and their conduct displayed a reckless disregard for the laws of the state of Maryland and its citizens. As a result of their actions, the Plaintiffs suffered loss of monies, mental anguish, physical stress and demand $50,000 in damages plus attorney fees and costs.

**WHEREFORE**, the Plaintiffs respectfully request

    a. The Court hold the Defendants jointly and severally liable;

b. The Court award the Plaintiffs damages for the Defendants violations and negligence;

c. The Court award attorney fees and costs; and

d. Whatever appropriate remedies the Court deems necessary.

Deborah A. Holloway Hill, Esq.
32 Acorn Circle #301
Towson, MD 21286
410.428.7278
DeborahHill.Esq@gmail.com
Attorney for Plaintiffs