IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARLONN HILL, et al.,
   *Plaintiffs*,

v.

WESTMINSTER/WESTMINSTER
MANAGEMENT, LLC, *et al*.
   *Defendants*.

Civil Action No. ELH-15-01895

**MEMORANDUM**

On or about April 20, 2015, plaintiffs Marlonn Hill[1] and Michael W. Hill, Sr. filed suit in the Circuit Court for Baltimore County against defendants Westminster/Westminster Management, LLC ("Westminster"); Morningside Park Townhomes c/o Morningside Park Holdings, LLC ("Morningside"); and Westminster/Morningside Park. ECF 2, Complaint.[2] At the relevant time, Ms. Hill was a tenant of Morningside Park Townhomes, a housing complex allegedly owned and managed by defendants. ECF 2. Her father, Mr. Hill, resided with her during his illness. *Id.* ¶ 4.

The Complaint contained five counts. One was predicated on federal law and the remaining four were all based on Maryland law. In particular, Count I alleged a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. ECF 2 at 7. In Count II, plaintiffs alleged that defendants violated the Maryland Consumer Debt Collection Act,

---

[1] The docket refers to plaintiff as *Marionn* Hill, but various court submissions refer to *Marlonn* Hill. I will adopt the spelling of Marlonn, as that is the one provided by plaintiffs.

[2] Defendants assert that "Westminster/Morningside Park" is not a legal entity. *See, e.g.*, ECF 8-1 at 1 n1. In addition, they identified the proper names of the other defendants as Westminster Management, LLC and Morningside Park Holdings, LLC. *See* ECF 1. Nevertheless, in their Amended Complaint (ECF 17), plaintiffs again sued the same three entities, without correcting the names.

Maryland Code, § 14-201 of the Maryland Commercial Law ("C.L.") Article.  They claimed in Count III that defendants violated the Maryland Consumer Protection Act, C.L. § 13-301 et. seq., and in Count IV plaintiffs alleged that defendants violated § 8-208.1(a)(1)(i) of the Maryland Real Property Article.  Finally, Count V alleged that defendants were negligent.

Defendants removed the case to this Court on June 26, 2015, pursuant to 28 U.S.C. § 1331, asserting that this Court has original jurisdiction.  ECF 1.[3]  They cited plaintiffs' allegations under the FDCPA as grounds for this Court's federal question jurisdiction.  As to the State law claims, defendants noted that, under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case for controversy."  ECF 1.

Plaintiffs moved to remand (ECF 9).  In their supporting memorandum (ECF 9-1), plaintiffs asserted that "[t]he instant case arises out [of] the Defendants [sic] violations of State law." *Id.* at 3.  Plaintiffs also sought an award of legal fees and costs. *Id.* at 4-5.  Subsequently, plaintiffs filed an amended motion to remand (ECF 18), with exhibits.  Plaintiffs also renewed their request for attorney's fees and costs, claiming that defendants "lacked a good faith basis for removal. . . ." ECF 18 at 6.  Defendants have opposed both motions.  *See* ECF 10; ECF 24.

No hearing is necessary to resolve the motions to remand.  *See* Local Rule 105.6.  For the reasons stated below, I shall deny plaintiffs' request for costs and attorneys' fees but shall grant ECF 18 and remand this case to the Circuit Court for Baltimore County.

## I.  Procedural Background

On July 30, 2015, plaintiffs filed a "Motion to Remand Pursuant to 28 U.S.C. § 1447(c)." ECF 9.  In their supporting memorandum (ECF 9-1), plaintiffs maintained that this Court lacked

---

[3] Defendants were served on May 27, 2015, and therefore removal was timely under 28 U.S.C. § 1446(b).  ECF 1 at 2.

subject matter jurisdiction under 28 U.S.C. § 1331. They asserted, *inter alia*, that they had filed an amended complaint in the Circuit Court for Baltimore County two weeks earlier, on July 14, 2015 (ECF 9-2), which omitted the FDCPA claim.

In opposing the motion to remand (ECF 10), defendants argued that this case was not pending in a Maryland State court when plaintiffs sought to amend the suit, and thus the amendment was "of no effect." *Id.* at 2. Defendants also asserted that plaintiffs' motion to remand was "based on the faulty premise that their post removal filing in state court operates to deprive this Court of subject matter jurisdiction." *Id.* They added that, upon removal, 28 U.S.C. § 1446(d) provides that "the State court *shall proceed no further* unless and until the case is remanded." *Id.* (Emphasis added by defendants). *See Ackerman v. Exxon Mobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013).

On September 8, 2015, plaintiffs filed a Motion for Leave to Amend Complaint (ECF 14, "Motion to Amend"), as well as the proposed Amended Complaint. ECF 14-1. The Motion to Amend explained that, consistent with the course plaintiffs tried to follow in State court, plaintiffs sought to amend their suit in federal court to omit the FDCPA claim. *Id.* They also claimed that the Motion to Amend was not made in bad faith. *Id.* The proposed Amended Complaint contained four counts, all based on Maryland law.

The Motion to Amend prompted defendants to file an Amended Notice of Removal on September 10, 2015 (ECF 15), explaining that this Court retains subject matter jurisdiction, despite plaintiffs' abandonment of the FDCPA claim. *Id. See Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004) (stating that "post-removal amendments to a Complaint, which have the effect of eliminating federal questions, do not enable remand" when the "original complaint was sufficient to vest jurisdiction in the federal courts . . . ", but recognizing the

discretion of the court to remand under certain circumstances). In addition, defendants argued, for the first time, that this Court also has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. *Id.*[4]

As defendants noted, diversity jurisdiction requires an amount in controversy in excess of $75,000.00, which is met here. It also requires complete diversity of citizenship of parties. When a party is a corporation, courts may use the principal place of business or state of incorporation to determine citizenship. But, the defendants here are LLCs. And, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy v. Mountain State*, 636 F.3d 101, 103 (4th Cir. 2011); *see also Gen. Tech Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004); 28 U.S.C. § 1332(c). Because neither the complaint nor defendants provided the citizenship of the members of the LLCs that were sued, I allowed the defendants the opportunity to establish diversity. *See* ECF 16, Order of October 5, 2015.

In addition, pursuant to Fed. R. Civ. P. 15(a)(2), I granted plaintiffs' Motion to Amend, because there was no prejudice to defendants at such an early stage of the litigation, nor was there any indication that plaintiffs acted in bad faith. ECF 16. And, because I afforded defendants the opportunity to demonstrate diversity jurisdiction, I deferred ruling on plaintiffs' initial motion to remand (ECF 9). *See* ECF 16.[5]

Plaintiffs filed their Amended Complaint on October 5, 2015. *See* ECF 17. As expected, the Amended Complaint omitted the claim under the FDCPA but included the four claims under

---

[4] Understandably, defendants did not initially assert diversity as a ground for removal, given the pending FDCPA claim. Nevertheless, diversity jurisdiction was not adequately pleaded or addressed.

[5] I also denied, as moot, defendants' motion to dismiss the original Complaint (ECF 8), because the motion was directed to the initial Complaint, but the Amended Complaint became the operative pleading.

Maryland law that were contained in the initial Complaint. Specifically, Counts I, II, III, and IV of the Amended Complaint correspond to Counts II, III, IV, and V of the original Complaint. Thereafter, on October 10, 2015, plaintiffs filed an "Amended Motion to Remand Pursuant To 28 U.S.C. § 1445(a)" (ECF 18, "Amended Motion to Remand"), supported by exhibits. Defendants oppose the Amended Motion to Remand (ECF 24, "Opposition").

In addition, in ECF 23, defendants responded to the Court's Order of October 5, 2015, concerning the matter of diversity jurisdiction. They asserted that they have been unable to determine the state of domicile of each LLC member. Therefore, defendants advised that they "have decided to withdraw their assertion of diversity jurisdiction." ECF 23 at 2. Nonetheless, defendants state: "[S]ubject matter jurisdiction still lies with this Court based on federal question which existed at the time of removal." ECF 23 at 2.

On October 26, 2015, defendants moved to dismiss the Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 22, "Motion to Dismiss"). The Motion to Dismiss is not yet ripe. However, I need not address the Motion to Dismiss because of my ruling with respect to the Amended Motion to Remand.

## II. Discussion

In *Pinney v. Nokia, Inc.*, 402 F.3d 430, 443 (4th Cir. 2005), the Fourth Circuit said: "Because amendment occurred after removal, we look at the original complaint rather than the amended complaint in determining whether removal was proper."

In this case, at that time the original Complaint was filed, it included five counts, one of which alleged a violation of the FDCPA. Therefore, defendants were entitled to remove the case to federal court. Soon after the case was removed, plaintiffs sought to file the Amended Complaint, in which they abandoned the sole count containing an alleged violation of federal

law. But, plaintiffs' amendment of the Complaint did not divest this Court of jurisdiction. This is because, at the time of removal, the Court had subject matter jurisdiction under 28 U.S.C. § 1331(a)(1), which "confers upon district courts 'original jurisdiction off all civil actions arising under the Constitution, laws, or treaties of the United States.'" *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012).

Section 1367(a) of Title 28 of the United States Code governs supplemental jurisdiction over plaintiffs' State law claims. It states:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Notably, "the doctrine of supplemental jurisdiction . . . 'is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in a manner that most sensibly accommodates a range of concerns and values.'" *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 203 (4th Cir. 1997) (citation omitted). In *ESAB*, 685 F.3d 376, the Fourth Circuit described the traditional approach to supplemental jurisdiction (previously known as "pendent" jurisdiction). It said, *id.* at 394 (internal citation omitted):

> [S]o long as one claim in an action presented a federal question on the face of the well-pleaded complaint, a court could exercise jurisdiction over the entire constitutional case or controversy. It does not follow, however, that the federal court had original jurisdiction over the entire case; rather, it had original jurisdiction over at least one claim, allowing the exercise of supplemental/pendent jurisdiction over the remaining claims. And the Supreme Court subsequently recognized that, when the exercise of pendent jurisdiction over these claims became "inappropriate," district courts had inherent authority to remand them to state courts.

Pursuant to § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has

original jurisdiction." In *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995), the Fourth Circuit recognized that under § 1367(c)(3), "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished." *See also ESAB*, 685 F.3d at 394 ("Section 1367(c) recognizes courts' authority to decline to exercise supplemental jurisdiction in limited circumstances, including . . . where the court dismisses the claims over which it has original jurisdiction."); *Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (stating that, "under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met"). *See, e.g.*, *Ramsay v. Sawyer Property Management of Maryland, LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013) (declining to exercise supplemental jurisdiction over plaintiff's MCDCA and MCPA claims after dismissing FDCPA claims); *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 500 (D. Md. 2005) ("Because the court will dismiss the claims over which it has original jurisdiction, the court will decline to exercise supplemental jurisdiction over the remaining state law claims.").

Section 1367(c)(2) of Title 28 of the United States Code is relevant here. It provides that a district court may decline to exercise supplemental jurisdiction if the supplemental claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." In this case, that is certainly the situation.

As indicated, I permitted plaintiffs to amend their suit in federal court, just as they had attempted to do in State court. The Amended Complaint does not contain any claims under federal law. Rather, the single federal claim contained in the initial Complaint was abandoned,

and the remaining State law claims do not implicate issues of federal policy. Given that this case is at its inception, I discern no persuasive reason to retain jurisdiction to adjudicate the remaining claims, which are all based on Maryland law. Moreover, I am unaware of any authority in which the Fourth Circuit has said that a federal district court may not exercise its discretion to remand where the court initially had federal question jurisdiction but, based on an amendment to the complaint, filed early in the case, the federal claim is abandoned. Therefore, I shall exercise my discretion by declining to retain supplemental jurisdiction over the State law claims.

In the Amended Motion to Remand, plaintiffs also seek an award of attorneys' fees and costs under 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs baldly assert that defendants "lacked a good faith basis for removal . . . ." ECF 18 at 6. Defendants oppose the request for attorneys' fees. ECF 24 at 2-3.

As noted, defendants' removal was entirely proper because, at the time of the removal, plaintiffs had chosen to include in their Complaint a claim under the FDCPA. This entitled defendants to remove the case pursuant to 28 U.S.C. § 1331. Yet, plaintiffs now seek to blame defendants for the proper exercise of their right of removal. As Judge Quarles reiterated in *Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.*, 959 F. Supp. 2d 783, 798 (D. Md. 2013), "'[A] plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court.'" (Citation omitted).

In *Martin v. Franklin Corp.*, 546 U.S. 132, 136 (2005), the Supreme Court said: "We hold that, absent unusual circumstances, attorney's fees should not be awarded when the

removing party has an objectively reasonable basis for removal." The Court reiterated, *id.* at 141: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing parties lack an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Clearly, there was an objectively reasonable basis for removal. *See also Cohn v. Charles*, 857 F. Supp. 2d 544, 549 (D. Md. 2012). Courts in this District have denied attorneys' fees even when granting motions to remand. *See*, *e.g.*, *Feldman's Medical Center Pharmacy, Inc.*, 959 F. Supp. 2d at 798 (denying request for attorneys' fees under § 1447(c), despite finding of improper removal).

The request for attorneys' fees and costs is devoid of merit.

An Order follows.


Date:  October 29, 2015                                    /s/
                                                Ellen L. Hollander
                                                United States District Judge